IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CR-197-FL-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHYKEITHIA QUASHLEY SHARPE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter, where defendant is charged with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine pursuant to 21 U.S.C. § 841(a)(1), came before the court November 6, 2026, for hearing on defendant's motion pursuant to 18 U.S.C. § 3145(b) to revoke or amend United States Magistrate Judge James E. Gates's October 7, 2026, order of detention pending trial (DE 59). Defendant appeared with counsel, Curtis High, and the government appeared through counsel, Molly Rubin. The government relied upon testimony of Drug Enforcement Agency Task Force Officer Aaron Podobinski ("Podobinski") and defendant presented testimony of her mother, Quashemia Sharpe ("Sharpe"), and grandmother, Angela Earl ("Earl"), regarding proposed third-party custodial arrangements. Following the parties' evidentiary presentations and oral arguments, the court denied defendant's motion. The court memorializes herein reasons for its decision.

**COURT'S DISCUSSION**

A. Standard of Review

The district court conducts a de novo review of a detention decision by a magistrate judge. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989). In doing so, the court may conduct

an evidentiary hearing if it is necessary or desirable in carrying out the review. United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985).

Pursuant to 18 U.S.C. § 3142(c), the court may grant pretrial release upon finding that conditions of release reasonably will assure the appearance of defendant as required and the safety of any other person and the community. In making this determination, the court must consider the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a controlled substance;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including,
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release;
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

It is only when the court determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," that it must order the detention of defendant before trial. Id. § 3142(e)(1).

Additionally, when, as here, there is reasonable cause to believe that defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed by 21 U.S.C. § 841(b)(1), "there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community." 18 U.S.C. § 3142(e)(3). In these cases, the defendant carries the initial burden to rebut the presumption of detention. See id.; Miranda v. Garland, 34 F.4th 338, 363 (4th Cir. 2022)

(stating that the defendant bears the initial burden of proof in cases where the rebuttable presumption of detention arises).

Although the United States Court of Appeals for the Fourth Circuit has not addressed the scope of this burden in a published opinion, courts generally require the defendant to put forth "some evidence" showing that the presumption is unwarranted in light of the particular facts of the case. See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Boyd, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007). The court considers the same factors in § 3142(g) when making this determination. See United States v. Wilson, No. 25-4296, 2026 WL 1079462, at *4 (4th Cir. Apr. 21, 2026).

Assuming the defendant provides "some evidence" to rebut the presumption of detention, the burden then shifts to the government to demonstrate by a preponderance of the evidence that detention is necessary to assure the appearance of defendant, United States v. Stewart, 19 F. App'x 46, 48–49 (4th Cir. 2001), or to demonstrate by clear and convincing evidence that defendant poses a danger to the community, 18 U.S.C. § 3142(f). See United States v. Vane, 117 F.4th 244, 251 (4th Cir. 2024). Finally, "[e]ven in a presumption case, the government retains the ultimate burden of persuasion" to show that detention is warranted. United States v. Mattis, 963 F.3d 285, 291 (2d Cir. 2020).

B. Analysis

Defendant is charged under 21 U.S.C. § 841(a)(1) and (b)(1)(B), which prohibits possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine. Where this offense carries a statutory maximum punishment of 40 years' imprisonment, and the grand jury has determined there is probable cause to believe defendant committed this offense, the rebuttable presumption of detention applies and defendant

has the initial burden to produce "some evidence" that it can be overcome. See Miranda, 34 F.4th at 363; Dillon, 938 F.2d at 1416.

Defendant focused on suitability of a person or persons in her life who effectively can serve as her third-party custodian, together with aspects of her background and history. She is the mother of two children whose convictions of record are limited to motor vehicle infractions.

Defendant's grandmother testified that she understood the charges against defendant to be a mistake, wherein defendant believed the bag with cocaine instead held clothes and shoes. Defendant's father, also an alleged drug trafficker, recently resided at Earl's home. Facing drug charges in another jurisdiction, he was the subject of surveillance at Earl's residence. Podobinski testified law enforcement officers observed him conducting at least one drug transaction from there. There is no evidence suggesting Earl herself was involved in drug trafficking, and she testified at hearing that she recently retired and can assist with monitoring defendant.

Sharpe testified that she was unaware about whether she herself had any felony convictions. Ultimately the government clarified that Sharpe has two felony convictions, one for forgery and another for an attempt to obtain money by false pretenses. Sharpe is actively employed not far from her residence.

While both women, who traveled some distance to participate as witnesses on behalf of defendant seemed sincere, § 3142(g) considerations earlier outlined weigh in favor of detention. A very significant amount of drugs was found in defendant's possession. At the November 6, 2026, hearing, the government offered evidence showing that plaintiff was found with more than 500 grams of cocaine in a zipped bag in her vehicle, also while she was transporting young children.

Defendant, on disability, appears to have met with codefendant Demetrius Harrison ("Harrison") on a not infrequent basis to transport drugs for sale in this district. The court found implausible defendant's explanation that she was unaware that she was transporting large quantities of controlled substances, especially given the undisputed evidence that Harrison instructed her on which routes to use when she left the meeting place, and that Harrison informed her that he needed to change his driving routes.

Circumstances of defendant's familial relationships nested together with strong evidence of drug trafficking buttress the court's finding on dangerousness. Harrison, also charged with possession of a firearm in furtherance of drug trafficking, is godfather to at least one of defendant's children, and maintained regular contact with defendant's family members as well. Evidence was presented indicating that after defendant met Harrison at the gas station where the bag was transferred to her vehicle she would later meet Harrison at Earl's residence in Rocky Mount. Testimony about his attendance at and participation with the family at certain activities also was received.

Notwithstanding Earl's described contacts, coupled with evidence her home was used at least once as a staging ground by her son, defendant's father, for a drug sale, defendant initially proposed Earl as her third-party custodian. Despite her sincere demeanor Earl is not suitable to take on the responsibility of serving as her granddaughter's custodian, nor is the defendant's mother. There seems some shared willingness among family members to essentially look the other way in avoidance of the behaviors of defendant, her co-defendant, Harrison, and her father.

Sharpe, too, has had recent contacts with Harrison. Sharpe confirmed recent contacts with defendant's father. Sharpe's testimony that she is willing and able to monitor defendant's behavior on pretrial release and report any violations or criminal conduct to the probation office was

undercut also by the fact that she testified initially that she did not recall any prior felony convictions, but subsequent information revealed at hearing showed that she had been convicted of two felony offenses involving dishonesty. Evidence shows, clearly and convincingly, that no conditions reasonably can assure the safety of her community if defendant is released.

Defendant stares in the face of a lengthy potential sentence. If convicted, defendant faces a statutory sentencing range of five to 40 years' imprisonment. The weight of the evidence discussed above additionally supports alternative basis for detention rooted in risk of flight. Her community ties are strained, too, by Earl's and Sharpe's associations with drug dealers preying on the community in which they all reside.

For these reasons and others stated in open court, the court found by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of the community and by a preponderance of the evidence that detention is necessary to assure the appearance of defendant.

## CONCLUSION

Accordingly, defendant is ORDERED to be remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this the 10th day of November, 2026.

LOUISE W. FLANAGAN
United States District Judge